# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

RYAN SAVINELL                                          **PETITIONER**

**v.**                                               **No. 3:14CV84-MPM-JMV**

**DAVID CLAY VANDERBURG**                           **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Ryan Savinell for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition, arguing that Mr. Savinell is no longer in custody under the judgment of conviction he is challenging. Savinell has responded to the State's motion, and the State has replied. The matter is ripe for resolution. For the reasons set forth below, the State's motion will be granted, and the instant petition will be dismissed for want of subject matter jurisdiction.

## Facts and Procedural Posture

Initially, both the court and the State interpreted Savinell's lengthy petition as a challenge to the armed robbery conviction for which he is currently incarcerated. As such, the court directed the State to respond on that basis.[3] ECF doc. 5. However, Savinell filed a motion to amend his petition making clear that the instant petition is a challenge to an earlier conviction and sentence for simple assault on a law enforcement officer. ECF doc. 7. As such, the court granted Savinell's motion and directed the State to respond to Savinell's claims regarding his simple assault conviction and sentence. ECF doc. 10.

Savinell pled guilty to simple assault on a law enforcement officer in DeSoto County Circuit

---

[3] Savinell originally filed this petition as a 42 U.S.C.A. §1983 action in Cause No. 3:14cv41-MPM-JMV. As Savinell was clearly challenging the validity of his conviction, the court *sua sponte* refiled the pleading as a petition for a writ of *habeas corpus* under 28 U.S.C.A. §2254.

Court Cause No. 2004-245-RD. As a result, on May 5, 2004, Savinell was sentenced to serve one

year and six months in the custody of the Mississippi Department of Corrections – followed by three

years and six months of post-release supervision. On February 12, 2005, Savinell was released on

post-release supervision. On May 18, 2005, Savinell's field officer petitioned the Mississippi

Department of Corrections to terminate Savinell's post-release supervision and allow him to live with

his father in Ohio. On May 18, 2005, the circuit court judge terminated Savinell's post-release

supervision. As such, Savinell completed his sentence for simple assault on May 18, 2005.

Savinell is currently incarcerated because he pled guilty to armed robbery in DeSoto County

Circuit Court Cause No. 2009-162, and he is serving a sentence of twelve years' incarceration

followed by eight years of post-release supervision. Although Savinell's prior conviction and

sentence for simple assault was acknowledged by the trial judge in sentencing Savinell on the armed

robbery, that conviction was *not* used to enhance Savinell's current sentence. ECF doc. 1, pg. 227. As

such, Savinell is not currently in custody on the simple assault charge he seeks to challenge.

### The "In Custody" Requirement of 28 U.S.C. § 2254

Savinell's petition is governed by 28 U.S.C. § 2254, which provides in part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
entertain an application for a writ of habeas corpus in behalf of a person *in custody
pursuant to the judgment of a State* court only on the ground that he is in custody in
violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254 (a). (Emphasis added.) "Federal district courts do not have jurisdiction to entertain

section 2254 actions if, at the time the petition is filed, the petitioner is not 'in custody' under the

conviction or sentence which the petition attacks. *Maleng v. Cook,* 490 U.S. 488, 109 S.Ct. 1923,

1925, 104 L.Ed.2d 540 (1989). *See Carafas v. LaVallee,* 391 U.S. 234, 238, 88 S.Ct. 1556, 1559, 20

L.Ed.2d 554 (1968)." *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989). Put simply, Savinell was

not "in custody" on his simple assault conviction when he signed the instant petition for a writ of

*habeas corpus* on February 13, 2014. ECF doc. 1. Further, as Savinell's current sentence for armed

robbery was not enhanced using the earlier sentence for simple assault, the court cannot construe that

he is "in custody" pursuant to the simple assault sentence. *See Dilworth v. Johnson*, 215 F.3d 497, 500

(5th Cir. 2000) and *Herbst v. Scott*, 42 F.3d 902, 905 (5th Cir. 1995). Mr. Savinell's lengthy response

to the State's motion to dismiss is a rambling affair covering various portions of his life in

stream-of-consciousness fashion. However, nowhere in his response does Savinell refute the fact

that his sentence for the simple assault charge had been fully served long before he filed the

instant petition for a writ of *habeas corpus*. As such, the court does not have jurisdiction determine

the validity of Savinell's 2004 conviction and sentence for simple assault, and the instant petition will

be dismissed with prejudice. A final judgment consistent with this memorandum opinion will issue

today.

      **SO ORDERED**, this, the 8th day of October, 2014.


                                         **/s/ MICHAEL P. MILLS**
                                         **UNITED STATES DISTRICT JUDGE**
                                         **NORTHERN DISTRICT OF MISSISSIPPI**